UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ROSANNE A. NOTO,

    Plaintiff,                                CIVIL ACTION NO. 13-12277

  v.

                                          DISTRICT JUDGE GERALD E. ROSEN
                                          MAGISTRATE JUDGE CHARLES E. BINDER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**


**I.  RECOMMENDATION**

    IT IS RECOMMENDED that Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there is substantial evidence on the record that claimant retained the residual functional capacity to return to her past sedentary work.

**II.  REPORT**

    **A.  Introduction and Procedural History**

    Plaintiff filed an application for Social Security Disability Insurance Benefits on February 5, 2007, alleging that she had become disabled and unable to work on December 27, 2005, at age 28, due to severe back/neck pain and headaches. Benefits were initially denied by the Social Security Administration (SSA).  A requested de novo hearing was held

on October 19, 2011[1], before Administrative Law Judge (ALJ) John Dodson. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to return to her past sedentary work as a customer service representative and administrative assistant. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 34 years old at the time of the remanded administrative hearing (TR 21). She had been graduated from high school, and had two years of college experience. Claimant had been employed during the relevant past as a customer service representative and administrative assistant (TR 21).

Claimant alleged disability since December 2005, due to severe back and neck pain as well as migraine headaches (TR 64). She testified that pain medications, heating pads and traction failed to relieve her back and neck discomfort (TR 35-37, 61-62). As a result of this pain, she was unable to sit, stand or walk for prolonged periods (TR 57). Plaintiff estimated that she could sit for perhaps 30 minutes before needing to change position (TR 38). The claimant allegedly needed to recline several times a day in order to get pain relief (TR 59-60). Plaintiff could not perform household chores without the help of family members (TR 40, 55-

---

[1] An earlier administrative hearing was held on August 4, 2009, before ALJ Dodson, which resulted in a decision to deny disability benefits (TR 91-94). The Appeals Council remanded the case on August 24, 2010, for further administrative consideration of treating and non-treating medical source opinions (TR 104-105).

56). She also complained of daily migraine headaches, which allegedly incapacitated her for hours each day (TR 64).

A Vocational Expert, Christian Barrett, classified Plaintiff's past work as sedentary, semi-skilled activity (TR 43). If the claimant were capable of sedentary work, the witness testified that Plaintiff could return to her past work as an administrative assistant and customer service representative (TR 44). These jobs did not require extensive exposure to hazards, pulmonary irritants, extreme temperatures or loud noise. She would not have to climb ropes, ladders or scaffolds. Pushing and bilateral pulling would be kept to a minimum. A sit-stand option would be made available (TR 43-43).

### B. ALJ Findings

The Law Judge found that Plaintiff was impaired as a result of degenerative disc disease of the lumbar and cervical spine and a history of headaches, but that these impairments were not severe enough to meet the Listing of Impairments. The ALJ recognized that the claimant's back and neck pain prevented her from working at jobs involving exposure to hazards, pulmonary irritants, extreme temperatures or loud noise. She also needed the option to sit or stand as needed. Since Plaintiff's past jobs as an administrative assistant and customer service representative were not precluded by these limitations, the ALJ found that she remained able to perform her past relevant work (TR 16-22).

**C.  Standard of Review**

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions.  Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).  This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility.  See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989);  Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff contends that her back, neck and head pain were severe enough to preclude her from all work activity. The law is clear, however, that the mere

existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents her from returning to her previous work or any other substantial, gainful activity existing in the national economy, considering her age, education and work experience. 42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 404.1505 (2013).

### D. Discussion and Analysis

I suggest that substantial evidence exists on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of sedentary work, including her past work as an administrative assistant and customer service representative. Contrary to Plaintiff's assertion, the medical evidence does not support her allegations of totally disabling back, neck and head pain[2].

The medical evidence reveals that Plaintiff did not suffer any disabling functional impairments following an automobile accident in July 2001. A treating physician, Dr. A. Mazhari, authorized claimant to return to work by July 2002, and only restricted her from over head reaching, pulling and frequent pushing (TR 739). A consultative examination by Dr. R. Patel in May 2007, found no evidence of tenderness, muscle spasm or atrophy. Plaintiff enjoyed a normal range of back and neck motion, and she had full strength in her arms and legs. No major neurological deficits were observed, and she was able to walk with a steady

---

[2]Contrary to Plaintiff's assertion that the ALJ did not take into account her periodic headaches when assessing her residual functional capacity (See Plaintiff's Motion for Summary Judgment at pp 10-11), the ALJ did include a headache-related limitation by limiting her to jobs where she would only be exposed to moderate noise levels found in an office setting (TR 15). As the ALJ noted, early medical records showed periods of headaches that were relieved by medication, and more recent records did not document ongoing headaches (TR 20, citing 888, 893, 992).

gait. Claimant could tandem, heel and toe walk without difficulty. According to Dr. Patel, Plaintiff over-reacted for pain, and she appeared to be malingering (TR 388-395).

Dr. Mahpara Syed, another examining physician, reported in May 2009, that claimant stopped taking pain medications in 2008 when she became pregnant. After the child's birth, Plaintiff did not resume taking the pain medications for neck and back pain. Instead, she began receiving epidural injections into the affected area several times a year. Claimant told the Dr. Syed that the injections, as well as the frequent use of a heating pad, had successfully controlled her pain symptoms (TR 609-611). Another physical examination, also conducted in May 2009, this time by Dr. Harry Herkowitz, was essentially unremarkable. The consulting doctor noted that claimant had full strength, no muscle atrophy, normal sensation and no reflex abnormalities. She could walk with a satisfactory gait, and had normal motor coordination (TR 536-537).

Following an examination of claimant's spine in May 2011, Dr. Cynthia Shelby-Lane opined that Plaintiff remained capable of occasionally lifting or carrying up to 20 pounds. According to this physician, claimant could tolerate the requisite sitting, standing and walking needed to perform substantial gainful activity during a normal workday (TR 895, 902-903). Dr. Katherine Karo, a physical medicine and rehabilitation specialist, found no evidence of muscle atrophy, neurological deficits or muscle weakness during a July 2011 evaluation (TR 993-994). Plaintiff was able to walk, sit and stand without assistance (TR 994). She was also able to heel walk, toe walk, tandem walk, bend, stoop, carry, push and pull (TR 994). Based

on her examination findings, Dr. Karo opined that Plaintiff could lift and carry up to 10 pounds frequently and less than 50 pounds occasionally (TR 1000). In an eight-hour work day, the doctor indicated that Plaintiff could sit for three hours, stand for three hours, and walk for two hours (TR 1001). Dr. Karo did not believe that Plaintiff would have any limitation in her ability to use her hands or her feet, but concluded that she was restricted to just occasional postural activities (TR 1002-1004).

When evaluating Plaintiff's residual physical functional capacity, the Law Judge also took into consideration the opinion of a state agency consultant[3], who concluded that the claimant could perform a restricted range of sedentary work (TR 527-534). In light of all the evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from back, neck and head pain were not fully credible.

Contrary to Plaintiff's assertion, there was no objective medical evidence suggesting that she needed to recline frequently throughout the day. The ALJ took into consideration claimant's objectively proven functional limitations by restricting her to jobs that did not require prolonged periods of sitting or standing. She would not be exposed to hazards, pulmonary irritants, extreme temperatures or loud noise (TR 15).

---

[3]Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404.1527(f)(2)(I) (2013).

Plaintiff relies heavily upon the fact that Dr. Mazhari observed that she could not flex and extend her neck during a January 2006 examination, (TR 344), and that Dr. James Zurawski concluded in October 2006 that she would need substantial rest periods throughout the day (Tr 304-306). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Drs. Mazhari and Zurawski offered no objective evidence to support their respective statements of disability, their opinions need not have been given any special weight[4]. Miller v. Secretary, 843 F.2d 221, 224 (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

Once it is determined that an applicant can perform past relevant work, she is deemed not disabled and there is no need for the testimony of a vocational expert. Orick v. Sullivan, 966 F.2d 368, 372 (8th Cir. 1992). The Sixth Circuit has ruled that a claimant can be denied

---

[4]The ALJ rejected the doctors' disability opinions, setting forth persuasive reasons for doing so. While claimant's reduced range of neck motion was observed by several examining physicians of record, the ALJ noted that Plaintiff received steroid injections and reportedly found them to be very beneficial (TR 18, citing TR 379-387, 752, 760, 770, 776). Dr. Zurawski examined Plaintiff in October 2006, in connection with a legal proceeding, and "no attempt at any doctor-patient relationship was made" (TR 304). The ALJ reasonably found that residual functional capacity evaluation was not supported by treatment records, and that no treating physicians recommended significant rest periods (TR 18).

benefits if she remains capable of returning to her former type of work, even if she cannot return to the actual job held in the past. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). A vocational expert testified at the remand hearing that Plaintiff could return to her past work as an administrative assistant and customer service representative provided that she remained physically capable of sedentary work (TR 44). Since Plaintiff's past work as an administrative assistant and customer service representative was consistent with that level of exertion, substantial evidence existed on the record that she was not disabled within the meaning of the Social Security Act.

### E.  Conclusion

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

## III.  REVIEW

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir.

1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

  Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.   The response shall address specifically, and in the same order raised, each issue contained within the objections.

                s/ Charles E Binder
                CHARLES E. BINDER
Dated: July 16, 2014          United States Magistrate Judge