**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROSANNE AMATO NOTO,

       Plaintiff,

                           Case No. 13-12277

v.                         Hon. Gerald E. Rosen

                           Magistrate Judge Charles E. Binder

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.

_____/

**OPINION AND ORDER ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on        February 12, 2015

PRESENT:  Honorable Gerald E. Rosen
                   Chief Judge, United States District Court

On July 16, 2014, Magistrate Judge Charles E. Binder issued a Report and

Recommendation ("R & R") recommending that the Court deny Plaintiff Rosanne Amato

Noto's motion for summary judgment and grant the Defendant Commissioner of Social

Security's motion for summary judgment.  Plaintiff filed objections to the R & R on July

25, 2014, and Defendant responded to these objections on August 22, 2014.  The Court

has now reviewed the R & R, Plaintiff's objections, Defendant's response, the parties'

underlying summary judgment motions, and the remainder of the record.  For the reasons

stated below, the Court overrules Plaintiff's objections and adopts the Magistrate Judge's

R & R as the opinion of this Court.

As the first of Plaintiff's four objections to the R & R, Plaintiff faults the Magistrate Judge for "mak[ing] no reference" to a functional capacity evaluation performed by physical therapist Amy Modrich on March 8, 2011 at the request of the Administrative Law Judge ("ALJ"). (*See* Plaintiff's Objections at 1 (citing Admin. Record at 276-87).) Yet, the ALJ's underlying decision does refer to this evaluation, acknowledging the physical therapist's assessment that Plaintiff would be "unable to engage in an 8-hour workday." (Admin. Record at 21.) In electing not to credit this evaluation, the ALJ explained (i) that the physical therapist's "conclusion was based upon [Plaintiff's] complaints of pain and subjective complaints during the exam," (ii) that this assessment was inconsistent with "the evidence taken as a whole," which "fail[ed] to document an impairment likely to result in disabling pain" and included the opinions of various other examiners and medical consultants who "concluded that [Plaintiff] does not have limitations that would preclude her from sedentary work on a sustained basis," and (iii) that the physical therapist's view that Plaintiff could not tolerate an 8-hour workday was inconsistent with the evidence of Plaintiff's daily activities. (*Id.*) In addition, Defendant observes that the physical therapist would not be deemed an "acceptable medical source" under the pertinent regulations, *see* 20 C.F.R. §§ 404.1513(a), 404.1527(a)(2), so that the ALJ was under no obligation to give any significant weight to the physical therapist's findings. Because the ALJ gave sufficient reasons for discounting the opinion of the physical therapist as to Plaintiff's capacity to tolerate an 8-hour

2

workday, and because Plaintiff has not identified any infirmity in this aspect of the ALJ's analysis, there was no need for the Magistrate Judge to address this matter in the R & R.

Similarly, the Magistrate Judge's failure to address the June 16, 2009 handwritten statement of Dr. John T. Maltese, Jr. that Plaintiff would be "off work indefinitely," (Admin. Record at 618), provides no basis for rejecting the R & R or disturbing the ALJ's underlying decision.  As observed in Defendant's underlying summary judgment motion, although the ALJ perhaps should have addressed Dr. Maltese's statement, the failure to do so was harmless, where a physician's conclusory statement that an individual is unable to work does not qualify as a "medical opinion" under the pertinent Social Security regulation, *see* 20 C.F.R. § 404.1527(d)(1), and where the Sixth Circuit likewise has held that a one-sentence note of the sort written by Dr. Maltese here "does not constitute a medical opinion," *Dunlap v. Commissioner of Social Security,* No. 11-5633, 509 F. App'x 472, 476 (6th Cir. Dec. 27, 2012).

Plaintiff next takes issue with the Magistrate Judge's findings that two physicians who examined her, Dr. Asad A. Mazhari and Dr. James C. Zurawski, had "offered no objective evidence to support their respective statements of disability," so that the opinions of these physicians "need not have been given any special weight" by the ALJ. (R & R at 8 (footnote omitted).)  In Plaintiff's view, these findings cannot be squared with the record of (i) various tests ordered by Dr. Mazhari and (ii) Dr. Zurawski's review of spinal films and his "comprehensive physical examination" of Plaintiff.  (Plaintiff's Objections at 2.)

As Defendant observes, however, the Magistrate Judge's consideration of the opinions of Drs. Mazhari and Zurawski was not confined solely to the question whether these opinions were supported by objective medical evidence.  Rather, the Magistrate Judge further explained that "[t]he ALJ rejected the doctors' disability opinions, setting forth persuasive reasons for doing so."  (R & R at 8 n.4.)  More specifically, while Dr. Mazhari recommended at various times between March of 2005 and October of 2006 that Plaintiff should be deemed restricted in the "flexion and extension of [her] neck," (Admin. Record at 320, 325, 330, 334, 339, 343, 347), the ALJ found that this restriction was "incompatible with the medical evidence documenting substantial improvement with neck pain to the extent that [Plaintiff] was experiencing only mild symptoms," as well as with treatment records in which Plaintiff reported that steroid injections had proven "very helpful" and had resulted in "good relief of her pain," (*id.* at 18).  As for the opinion of Dr. Zurawski that Plaintiff would require "substantial rest periods through the day," (*id.* at 306), the ALJ explained (i) that "Dr. Zurawski had only seen [Plaintiff] on one occasion" before reaching this conclusion,[1] and (ii) that Plaintiff's "regular treating physicians did not conclude that she required rest periods while performing her past office work," and (iii) that "the various medical records did not document clinical or test findings of a severity to suggest the need for such rest periods," (Admin. Record at 18).  Again, Plaintiff has failed to suggest in her objections how these findings by the ALJ might be

---

[1]Plaintiff concedes in her objections that Dr. Zurawski "is not a treating physician." (Plaintiff's Objections at 2.)

legally infirm or otherwise inadequate to support the ALJ's decision not to credit the limitations imposed by Drs. Mazhari and Zurawski.

As her final two objections to the R & R, Plaintiff advances sweeping claims (i) that the Magistrate Judge misconstrued the medical record and overlooked portions of this record in determining that the ALJ had a reasonable basis for discounting Plaintiff's complaints of disabling pain, and (ii) that the Defendant Commissioner's purported deviations from the governing Social Security rulings and regulations fatally undermine the Magistrate Judge's conclusion that the ALJ's decision is supported by substantial evidence.  It is well settled, however, that such "[o]verly general objections" do not satisfy an objecting party's obligation to specify the particular findings that are claimed to be in error and the discrete issues that the party wishes to raise.  *Spencer v. Bouchard,* 449 F.3d 721, 724-25 (6th Cir. 2006); *see also Howard v. Secretary of Health & Human Services,* 932 F.2d 505, 508-09 (6th Cir. 1991); Fed. R. Civ. P. 72(b)(2) (authorizing the parties to file "specific written objections" to a Magistrate Judge's "proposed findings and recommendations").  Plaintiff's third and fourth objections essentially reargue the issues presented in her underlying summary judgment motion and express her disagreement with the Magistrate Judge's proposed resolution of these issues, without identifying specific infirmities in the Magistrate Judge's analysis that might warrant this Court's rejection of the R & R.  The Court declines Plaintiff's invitation to retrace each and every step of the Magistrate Judge's reasoning and opine as to the correctness of each of the proposed findings in the R & R.

In any event, the Court's review of the R & R reveals no such defects in the Magistrate Judge's analysis of the issues broadly raised in Plaintiff's third and fourth objections.  Regarding the question whether the ALJ identified appropriate evidentiary grounds for discounting Plaintiff's testimony as to her pain and limitations and provided reasonable explanations for determining that Plaintiff was not fully credible, the mere fact that the record includes some evidence supporting Plaintiff's testimony as to her level of pain and limitations does not mean that the ALJ's different reading of this record was erroneous.  Rather, as the Magistrate Judge observed, "[i]f the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposition conclusion."  (R & R at 4.)  As for Plaintiff's generalized and conclusory claim of deviations from governing Social Security rulings and regulations, the law does not demand perfection in the decisionmaking process employed by the Defendant Commissioner, nor was the ALJ obligated to address each and every item in an administrative record that spanned over one thousand pages.  It is enough that the ALJ's decision is supported by substantial evidence, and the Court concurs in the Magistrate Judge's finding that the decision in this case meets this standard.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's July 25, 2014 objections (docket #21) to the Magistrate Judge's Report and Recommendation are OVERRULED.  IT IS FURTHER ORDERED that the Magistrate Judge's July 16, 2014 Report and Recommendation (docket #20) is ADOPTED as the opinion of this Court, as

6

supplemented by the rulings in the present opinion and order.  Finally, IT IS FURTHER

ORDERED, for the reasons set forth in the Magistrate Judge's Report and

Recommendation and this opinion and order, that Plaintiff's November 7, 2013 motion

for summary judgment (docket #10) is DENIED, and that Defendant's March 7, 2014

motion for summary judgment (docket #16) is GRANTED.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  February 12, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or
counsel of record on February 12, 2015, by electronic and/or ordinary mail.


s/Julie Owens
Case Manager, (313) 234-5135